**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-452-FDW-DSC**

| | |
|---|---|
| **RON ROSS,** ) <br> ) <br>       **Plaintiff,** ) <br> ) <br>    **vs.** ) <br> ) <br> **WALTER BOWERS, JR., and WILLIAM** ) <br> **DUNCAN,** ) <br> ) <br>       **Defendants.** ) <br> ) | **NOTICE** |

    **THIS MATTER** is before the court on Defendant William Duncan's Motion to Dismiss for Lack of Prosecution pursuant to Fed. R. Civ. P. 41(b) and 37(d) (Doc. No. 11) and Defendant Walter Bowers, Jr.'s Motion for Summary Judgment (Doc. No. 13).

    In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that the Defendant Duncan has moved to dismiss this action because Plaintiff has failed to engage with counsel in discovery and has otherwise failed to prosecute this action. This Court may dismiss an action for lack of prosecution either upon motion by a defendant or pursuant to its own inherent authority. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976); Fed. R. Civ. P. 41(b). In deciding whether a case should be dismissed, the Court weighs "the sound public policy of deciding cases on the merits" against "the power to prevent delays." Id. (citing Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)). The Court considers a number of factors to determine whether dismissal under Rule 41(b) is proper, including: (1) "the degree of personal responsibility on the part of the plaintiff;" (2) "the amount of prejudice to the defendant caused by the delay;" (3) "whether the record indicate[s] a 'drawn out history of deliberately proceeding in a dilatory fashion;'" and (4) the effectiveness of sanctions less drastic than dismissal. Reizakis, 490

F.2d at 1135. The test for dismissal is the same under Rule 37. Berry v. South Carolina Dep't of Social Services, 121 F.3d 697 (4th Cir. 1997) (unpublished table opinion) (citing Ballard v. Carson, 882 F.2d 93, 95 (4th Cir. 1989)).

In order to survive Plaintiff's motion, he must present sufficient evidence to the Court so that balance of the factors tip in his favor. Plaintiff is hereby warned that he has fourteen (14) days from the date of this Notice, or until **Monday, May 2, 2011**, to respond to Defendant's Motion. Such response must be served on Defendant, and Plaintiff must include a certificate of service indicating the manner in which he served such parties. Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's claims.

Plaintiff is also cautioned that Defendant Bowers has filed a Motion for Summary Judgment contending that Defendant is entitled to judgment in its favor on Plaintiff's 42 U.S.C. § 1983 claims.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (2010), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c) (copy of entire Rule attached to this Order). If a party fails to properly support an assertion of fact, the Court may grant summary judgment to Defendant as the moving party.

This language means that if Plaintiff has any evidence to offer showing that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. These materials include documents, declarations, and affidavits. Id. A declaration is a written statement subscribed as true

under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. Black's Law Dictionary, 62 (8th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

In accordance with Roseboro, the Court advises Plaintiff of the heavy burden that he carries in responding to Defendant's Motion for Summary Judgment. The failure to properly support an assertion of fact or to address Defendant's assertion of fact may result in the Court granting summary judgment, that is, judgment for Defendant. This would occur if there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In light of the above standard, Plaintiff must respond to Defendant's motion within fourteen (14) days of the date of this notice, or by **Monday, May 2, 2011**. Plaintiff's response must cite to specific facts so as to demonstrate that a genuine issue of fact exists to be decided at trial. Such response must be served on Defendant, and Plaintiff must include a certificate of service indicating the manner in which he served such parties. Plaintiff's failure to respond may result in Defendant obtaining the relief it seeks which is entry of judgment in his favor as to all of Plaintiff's claims.

IT IS, THEREFORE, ORDERED that Plaintiff has fourteen (14) days from the entry of this Notice to file a supplement to his response, to Defendant's Motion for Summary Judgment.

The Clerk is directed to send copies of this Notice to *pro se* Plaintiff at 4134 Vance Road, Huntersville, North Carolina 28078, which is Plaintiff's address of record, and to counsel for the Defendant.

**IT IS SO ORDERED.**

Signed: April 15, 2011

Frank D. Whitney
United States District Judge

Federal Rule of Civil Procedure 41. Dismissal of Actions

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Federal Rule of Civil Procedure 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.

**d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
    **(1) In General.**
        **(A) Motion; Grounds for Sanctions.** The court where the action is pending may, on motion, order sanctions if:
            **(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
            **(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
        **(B) Certification.** A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
    **(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
    **(3) Types of Sanctions.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the

close of all discovery.

**(c) Procedures.**

    **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)** defer considering the motion or deny it;

    **(2)** allow time to obtain affidavits or declarations or to take discovery; or

    **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;

    **(2)** consider the fact undisputed for purposes of the motion;

    **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

    **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    **(1)** grant summary judgment for a nonmovant;

    **(2)** grant the motion on grounds not raised by a party; or

    **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the

case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.