# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00452

| | |
|---|---|
| RON ROSS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)     **ORDER**<br>WALTER BOWERS JR. AND WILLIAM )<br>DUNCAN )<br>)<br>Defendants. )<br>) | |

THIS MATTER is before the Court on Defendant William Duncan's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute and Fed. R. Civ. P. 37(d) for Failure to Respond to Written Discovery. (Doc. No. 11), with supporting memorandum and appendices (Doc. No. 12). This Motion is ripe for decision. For the reasons set forth, the Court GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, filed suit on September 13, 2010, against the above-named Defendant, William Duncan, in his individual capacity as an Officer of the Huntersville Police Department, as well as Walter Bowers Jr., an Officer of the Charlotte-Mecklenburg Police Department, alleging violations 42 U.S.C. § 1983. (Doc. No. 1). Count I of Plaintiff's Complaint accuses Officer Duncan of invading his privacy by hacking into his banking, savings, and e-mail accounts and placing microphones and cameras in his home and automobile and subsequently posting the images obtained from these cameras on the internet. (Doc. No. 1). Count II of Plaintiff's Complaint alleges his cellular phone was tapped, and further alleges that Officer Bower's called his employer, co-workers, friends, family, church members, and other members of the local community

for a period exceeding ten months. (Doc. No. 1).

Since filing the Complaint, Plaintiff has refused to take any further action to prosecute his case. A chronology of the relevant events is contained in Declaration by Defendant's counsel, James S. Derrick. (Derrick Decl. ¶2.) The most important of these events, representing the single instance in which Plaintiff has made any contact with Defendant's counsel since filing his Complaint, was a phone call on December 8, 2010, from Plaintiff to Defendant's counsel in response to a letter from Defendant's counsel requesting that plaintiff contact him to schedule an Initial Attorney's Conference ("IAC") as required by Local Rule 16.1. (Id.) During this conversation, Plaintiff expressly refused to participate in the IAC and further told Defendant's Attorney that, absent a court order, he would not speak to him because he represented Officer Duncan before terminating the call. (Id.) After this conversation, Defendants' respective attorneys conducted the IAC in the Plaintiff's absence and submitted a proposed discovery plan proposing a discovery completion deadline of March 16, 2011, and a dispositive motions deadline of April 13, 2011. (Doc. No. 9). The Court approved the discovery plan and issued a Case Management Order adopting those deadlines. (Doc. No. 10). Pursuant to the approved discovery plan, Defendant's Counsel served Plaintiff with (1) Defendant Duncan's Rule 26 Initial Disclosures on December 22, 2010, and (2) First Set of Interrogatories and Requests for Production of Documents on January 21, 2011, respectively. (Doc. No. 12, 12-2, 12-3). On March 14, 2011, Officer Duncan filed a Motion for Dismiss without having received a response from Plaintiff. (Derrick Decl. ¶2.) As of the expiration of the discovery deadline, Plaintiff had failed to respond to all discovery requests or a request to extend the discovery deadline. (Doc. No. 12). The Court sent a <u>Roseboro</u> Notice to Plaintiff on April 15, 2011, informing Plaintiff of his burden in confronting Defendant's Motion, directing Plaintiff to respond by May, 2, 2011, and warning Plaintiff that his failure to respond might

result in Defendant's Motion to Dismiss being granted. (Doc. No. 14). Plaintiff failed to respond by the May 2, 2011 deadline, and to date has filed no response.

## II. DISCUSSION

**A. Motion to Dismiss For Failure to Prosecute**

1. Legal Standard

In accordance with Rule 41(b) of the Federal Rules of Civil Procedure (2011), the Court may grant a defendant's Motion to Dismiss "[i]f the plaintiff fails to prosecute, or to comply with these rules [Federal Rules of Civil Procedure] or court orders." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case for failure to prosecute, the Court must balance "the power to prevent delays" against "the sound public policy of deciding cases on their merits" Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). The Court must consider four factors in deciding whether 41(b) dismissal is appropriate: "(1) the degree of personal responsibility on the part of the plaintiff, (2) the amount of prejudice caused to the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." Herbert v. Saffell, 877 F. 2d 267, 270 (4th Cir. 1989). Ultimately, "the four factors . . . are not a rigid four-prong test . . . [and] the propriety of a [41(b)] dismissal . . . depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

2. Analysis

Based upon the particular circumstances of this case, all four factors of the applicable test balance in favor of Defendant as Plaintiff has refused to take any action in this case since filing the Complaint on September 13, 2011, a period of over eight months. As an initial matter, because the Plaintiff was *pro se*, the failure to prosecute can only be attributed to the Plaintiff personally. Plaintiff was provided Notice of the pretrial procedure in which Plaintiff was

required to engage in order to prosecute his claim, and explicitly refused to participate. (Derrick Decl. ¶2.). As Plaintiffs' failure to prosecute includes specifically refusing to attend the IAC to draft a discovery plan and has refused to participate in any form of discovery, the deadline for which has already passed, (Doc. No. 9, 12), Defendant Duncan's ability to prepare a defense has been greatly and irreversibly prejudiced. Because this prejudice is so great, as the deadline for dispositive motions has passed, dismissal is the only effective sanction in this case, and the Court is compelled to grant Defendant Duncan's Motion to Dismiss for Failure to Prosecute.

**B. Motion to Dismiss for Failure to Respond to Written Discovery**

Because the Court has sufficient grounds to grant Defendant Duncan's Motion to Dismiss for Failure to Prosecute, it is unnecessary to address Defendant's Motion to Dismiss for Failure to Respond to Written Discovery pursuant to Fed. R. Civ. P. 37(d).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant William Duncan's Motion to Dismiss for Failure to Prosecute (Doc. No. 11) is GRANTED. Plaintiff's claims as to Defendant Duncan are hereby DISMISSED. Defendant Duncan's Motion to Dismiss for Failure to Respond to Written Discovery is DENIED without prejudice as moot.

The Clerk is directed to send a copy of this Order to 4134 Vance Rd, Huntersville, NC 28070, Plaintiff's address of record, and to counsel for the Defendant Bowers.

IT IS SO ORDERED.    Signed: May 25, 2011

Frank D. Whitney
United States District Judge