# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### DOCKET NO. 3:10-cv-00452

| | |
|---|---|
| RON ROSS, | ) |
|     Plaintiff, | ) |
| vs. | )     ORDER |
| WALTER BOWERS JR. AND WILLIAM DUNCAN | ) |
|     Defendants. | ) |

THIS MATTER is before the Court on Defendant Walter Bowers Jr.'s Motion for Summary Judgment (Doc. No. 13), with supporting memorandum and appendix (Doc. No. 13-1, 13-2). This Motion is ripe for decision. For the reasons set forth, the Court GRANTS Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, filed suit on September 13, 2010, against the above-named Defendant, Walter Bowers Jr., in his individual capacity as an Officer of the Charlotte-Mecklenburg Police Department, as well as William Duncan, an Officer of the Huntersville Police Department, alleging violations of 42 U.S.C. § 1983. (Doc. No. 1). Count I of Plaintiff's Complaint accuses Officer Bowers of invading his privacy by hacking into his banking, savings, and e-mail accounts and placing microphones and cameras in his home and automobile and subsequently posting the images obtained from these cameras on the internet. (Doc. No. 1). Count II of Plaintiff's Complaint alleges his cellular phone was tapped, and further asserts in support of this count that Officer Bower's called Plaintiff's employer, co-workers, friends, family, church members, and other members of the local community for a period exceeding ten months, and possibly made defamatory

comments. (Doc. No. 1). Plaintiff's Complaint does not offer any additional facts to support either count, including dates as to when these allegations were to have occurred or the specific instances of Defendants' participation in the conduct asserted.

Since filing the Complaint, Plaintiff has refused to take any further action to prosecute his case. A chronology of the relevant events is contained in Declaration by Co-Defendant's counsel, James S. Derrick. (Derrick Decl. ¶2.) The most important of these events, representing the single instance in which Plaintiff has made any contact with Co-Defendant's counsel since filing his Complaint, was a phone call on December 8, 2010, from Plaintiff to Defendant's counsel in response to a letter from Co-Defendant's counsel requesting that plaintiff contact him to schedule an Initial Attorney's Conference ("IAC") as required by Local Rule 16.1. (Id.) During this conversation, Plaintiff expressly refused to participate in the IAC and further told Co-Defendant's Attorney that, absent a court order, he would not speak to him because he represented Officer Duncan before terminating the call. (Id.) After this conversation, Defendants' respective attorneys conducted the IAC in the Plaintiff's absence and submitted a proposed discovery plan proposing a discovery completion deadline of March 16, 2011, and a dispositive motions deadline of April 13, 2011. (Doc. No. 9). The Court approved the discovery plan and issued a Case Management Order adopting those deadlines. (Doc. No. 10). As of the expiration of the discovery deadline, Plaintiff had failed to respond to all discovery requests or a request to extend the discovery deadline. (Doc. No. 13-1). Following the expiration of the discovery deadline, Officer Bowers filed a Motion for Summary Judgment on March 31, 2011. (Doc. No. 13). The Court sent a <u>Roseboro</u> Notice of the Motion for Summary Judgement to the Plaintiff on April 15, 2011, informing Plaintiff of his burden in confronting Defendant's Motion, directing Plaintiff to respond by May 2, 2011, and warning Plaintiff that his failure to respond might result in Defendant's Motion for Summary Judgment being

granted. (Doc. No. 14). Plaintiff failed to respond by the May 2, 2011 deadline, and to date has filed no response.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

In accordance with Rule 56(a) of the Federal Rules of Civil Procedure (2011): "The [C]ourt shall grant summary judgment if the movant shows that no genuine dispute as to any material fact exists and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could lead to judgment in favor of one party or another based upon the substantive legal elements of the claim or defense asserted. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In making this determination, the Court must view all facts and reasonable inferences in the light most favorable tot he non-moving party. Anderson, 477 U.S. at 255. After the movant has met this initial burden, the burden shifts to the non-moving party to assert specific facts, in a form admissible at trial, to demonstrate that a genuine issue of material fact exists. Id. at 248. If the non-moving party does not meet this burden, the Court may grant the Motion for Summary Judgment. Fed. R. Civ. P. 56(e).

### B. ANALYSIS

As Plaintiff has failed to assert a plausible argument or assert any specific facts to support his 42 U.S.C. § 1983 claim against Officer Bowers, Defendant is entitled to summary judgment. Section 1983 does not provide a source of any substantive rights, but rather creates a cause of action for an individual to vindicate a violation of the federal rights conferred upon him by either the United States Constitution or contained in another federal statute. Thus in order for a claim to be actionable under § 1983, the Plaintiff must first establish that a violation of "right secured by the

Constitution and laws" occurred. Baker v. McCollan, 443 U.S. 137, 140 (1979). Even though Plaintiff's Complaint generally alleges violations of the Fourth and Fourteenth Amendments to the United States Constitution, the Plaintiff has not demonstrated, with any specific facts, that a deprivation occurred as there are no factual allegations contained in the complaint, nor did Plaintiff assert any specific facts in response to the Court's Roseboro Notice. Because the Plaintiff has not demonstrated that a genuine issue of material fact exists from which a reasonable jury could find in Plaintiff's favor, the Defendant is entitled to a judgment as a matter of law, and the Court is compelled to grant Defendant's motion.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Walter Bower Jr.'s Motion for Summary Judgment (Doc. No. 13) is GRANTED.

The Clerk is directed to send a copy of this Order to 4134 Vance Rd. Huntersville, NC 28070, Plaintiff's address of record, and to counsel for the Defendant Bowers.

IT IS SO ORDERED.

Signed: May 25, 2011

Frank D. Whitney
United States District Judge